# *IMPORTANT NOTICE*
## *NOT TO BE PUBLISHED OPINION*

*THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.*

RENDERED: FEBRUARY 23, 2006
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

2005-SC-000910-OA

SCOT EUGENE GAITHER                                           PETITIONER

VS.                    ORIGINAL ACTION IN SUPREME COURT

KENTUCKY COURT OF APPEALS, ET AL                   RESPONDENT

## MEMORANDUM OPINION OF THE COURT

### DENYING

The Petitioner, Scot Eugene Gaither, petitions this Court, pro se, for a Writ of Mandamus requiring the Kentucky Court of Appeals to place on its docket an appeal from a ruling by the Daviess Circuit Court denying his CR 10.06 motion. Gaither argues that his timely Notice of Appeal and corresponding documentation were sent to the Daviess Circuit Court, but was not filed until nearly 30 days past the time for appeal.

The Petitioner twice attempted to file a "brief" supporting his appeal of the ruling with this Court; both times he was advised by the Clerk of the Kentucky Supreme Court that no appeal, other than the direct appeal of his conviction, had been filed with the court. He then attempted to file the same documentation with the Kentucky Court of Appeals and was likewise advised, by the Clerk of the Court of Appeals, that no appeal had been filed there. The Clerk of the Court of Appeals further advised the Petitioner that, because the notice of appeal was untimely filed with the Daviess Circuit Clerk, it had not been formally filed and thus had not been transferred to the Court of Appeals

for initiation of an appeal from the Daviess Circuit Court order. The Petitioner argues that he has no other remedy at law, or in equity, in which to protect his "jural rights" on the RCr 10.06 action and appeal, other than seeking mandamus for the "procedural non-compliance" on the part of the Respondent.

In response to the petition, it is the Kentucky Court of Appeals' position that the notice of appeal of the ruling was not properly filed and that Petitioner has never sought leave to file a belated notice of appeal; and, as such, there is no proper action to place on the docket of either appellate court.

> A writ of mandamus is an exceptional remedy that is granted only under the most extraordinary circumstances. The decision as to whether to issue a writ is always discretionary. The petition **may** be granted upon a showing: (1) that the lower court is proceeding or is about to proceed outside its jurisdiction and that there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously (albeit within its jurisdiction), that there exists no adequate remedy by appeal or otherwise, and that great injustice and irreparable injury will result if the petition is not granted.

Horn v. Wheeler, --- S.W.3d ----, 2005, WL 3244959, *1 (Ky.App.2005) (citations omitted).

Petitioner has not satisfied the requirements for a Writ of Mandamus and, as such, we hereby deny his Petition.

All concur.

COUNSEL FOR PETITIONER:

Scot E. Gaither, Petitioner
KSP #175293 P.O. Box 5128
Eddyville, KY 42038


COUNSEL FOR RESPONDENT:

Gregory D. Stumbo
Attorney General of Kentucky
Office of the Attorney General
1024 Capital Center Drive
Frankfort, KY 40601

Hon. George E. Fowler, Jr.
Chief Staff Attorney
Kentucky Court of Appeals
360 Democrat Drive
Frankfort, KY 40601

Hon. Thomas O' Castlen
100 E. 2nd St.
Owensboro, KY 42303

Susan Tierney
100 E. 2nd St.
Owensboro, KY 42303